# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN W. FABIAN,

    Plaintiff,                                 CASE NO. 06-CV-10699

v.                                           DISTRICT JUDGE THOMAS LUDINGTON
                                             MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SOCIAL SECURITY DISABILITY ATTORNEY FEES PURSUANT TO 42 USC 406(b) AND LR 54.2
(Dkt. 27)

## I.    RECOMMENDATION

For the reasons which follow, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED** and that Attorney Brian M. Barkey be awarded attorney fees in the amount of $4,856.50, representing 18.15 hours of attorney time at an effective hourly rate of $267.57 per hour.

## II.    REPORT

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington, made under 28 U.S.C. § 636(b)(1)(B), (Dkt. 28), is Plaintiff's counsel's Motion for Social Security Disability Attorney Fees Pursuant to 42 U.S.C. 406(b) and LR 54.2. (Dkt. 27.) Plaintiff's counsel seeks $4,856.50 for his successful representation of claimant in this social

security case. The Defendant Commissioner has filed a Response stating no objection to the fees requested by counsel for Plaintiff. (Dkt. at 29.)

Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b)(1)(A) (West Supp. 2005), provides for the award of attorney fees in Title II social security disability benefits cases as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A) (West Supp. 2005).

This section makes no provision for the allowance of costs. Costs are available only if a timely application made under the Equal Access to Justice Act is approved. 42 U.S.C. § 406(b)(1)(A) has been interpreted by the Sixth Circuit. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994) (en banc). There, the court, after concluding that the "single tribunal rule" as it has come to be known in this circuit, "finds little support in the language of the statute," overruled previous circuit precedent on this issue, (*see Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972)), and "join[ed] the majority of circuits which hold that each tribunal may award fees only for the work done before it." *Horenstein*, 35 F.3d at 262. The court then laid out three fact situations and provided guidance as to how attorney fees are to be awarded in each:

> [1] Thus, for services performed before the Secretary [Commissioner], the Secretary [Commissioner] is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. § 406(a)(2)(A).
>
> [2] For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits.
>
> [3] Finally, in cases where the court remands the case back to the Secretary [Commissioner] for further proceedings, the court will set the fee--limited to 25

percent of past-due benefits--for the work performed before it, and the Secretary [Commissioner] will award whatever fee the Secretary [Commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.

*Id*. (enumeration added). From my review of the judgment herein, I conclude that this case fits within the second of the fact situations set forth in *Horenstein*.

The pleadings indicate that on April 19, 2001, Plaintiff entered into a contingent fee agreement with counsel providing that in the event attorney fees would be awarded, counsel's fee would be the amount withheld by the Commissioner pursuant to § 406. Counsel has documented 18.15 hours of work spent before this Court on this case, an effective hourly rate of $267.57. Pursuant to E.D. Mich. LR 54.2(c)(4), counsel gave notice to Plaintiff that attorney fees were being requested and that those fees would be paid from past-due benefits. This notice included a statement informing Plaintiff that "if you believe that any of the statements in the fee application are incorrect, you should send a brief statement of your concerns to the Judge whose name is on the motion . . . ." (Pl.'s Mot., Dkt. 27.) No comments or statements from Plaintiff are found in the file. As mentioned, the Commissioner does not oppose the fees requested.

In *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc), the court undertook to extensively analyze the appropriate standards for the award of attorney fees in social security cases. The court's express purpose was to "bring a semblance of order to this chaotic battleground of inconsistency, one in which all parties are clamoring for an even, predictable approach in attorney's fee authorization." *Id. at* 746. The court then enunciated the following overall standards:

> We begin by using twenty-five percent of the past due benefits as a benchmark. As stated above, the legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the "reasonableness" of the award up

to that maximum. While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable.

The court should then look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement. Nevertheless, if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption. The court should give close attention to the agreement between the attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore.

Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Id*. (citations omitted). This analysis was approved by the United States Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

In *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981 (6th Cir. 1990), the court suggested that, while it is not "*per se* improper for a district judge to reduce a contingent fee to an hourly rate and view the computed hourly rate as part of the calculus in arriving at the appropriate fee," *id*. at 982, a court should also be mindful of the nature of contingent fee agreements in deciding such cases. In reversing the district court's reduction of the fee requested, the court reasoned:

> We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side; however, this is not an hourly rate billing. It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 982.

The court of appeals has revisited *Rodriquez* in *Hayes v. Sec'y of Health & Human Servs.*, 916 F.2d 351 (6th Cir. 1990), *clarified on rehearing*, 923 F.2d 418 (6th Cir. 1991). There the court further clarified the conditions under which attorney fees constitute a "windfall" within the meaning of *Rodriquez*, stating:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. *See*, *e.g.*, *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986) . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. . . . Nothing in this opinion is intended to limit the discretion vested in district courts to make deductions for improper attorney conduct or ineffectiveness of counsel. *See Rodriquez*, 865 F.2d at 746.

*Hayes*, 923 F.2d at 422.

Turning to the substance of the motion, I have reviewed counsel's application, the itemized statement attached to it, as well as the pleadings. From that review, I conclude that the attorney fees requested and the attorney time expended are reasonable for the standards set forth above. Counsel's efforts yielded the hoped for outcome, an award of benefits. Counsel has served

upon Plaintiff the notice required by E.D. Mich. LR 54.2(c)(4), and neither Plaintiff nor the Commissioner has lodged any comments or objections to the fees requested. I therefore suggest, under the governing case law of this circuit, that the fees requested are appropriate and should be allowed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: January 31, 2008                       United States Magistrate Judge

## **CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Brian Barkey, and the Commissioner of Social Security, and served on U.S. District Judge Ludington in the traditional manner.

Date: January 31, 2008                         By    s/Patricia T. Morris
                                                                        Law Clerk to Magistrate Judge Binder